99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William MOMENT, Defendant-Appellant.
 No. 95-6689.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 1
 Before: LIVELY and NELSON, Circuit Judges; HACKETT, District Judge.*
 
 ORDER
 
 2
 William Moment appeals his conviction and sentence of imprisonment entered after a jury found him guilty of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 After a two-day trial, the jury found Moment guilty of two counts of possession with intent to distribute a schedule II controlled substance (crack cocaine) and aiding and abetting the same. The district court sentenced Moment to 188 months of imprisonment, five years of supervised release, and assessed him $50 for each count. Moment appeals.
 
 
 4
 In his timely appeal, Moment's appointed counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Although believing the appeal to be without merit, counsel submits that the district court may have erred by: 1) disproportionally sentencing Moment; 2) ordering an upward adjustment for obstruction of justice; and 3) denying Moment a downward adjustment for acceptance of responsibility. Moment has submitted a response to his attorney's motion to withdraw.
 
 
 5
 Upon review, we conclude that the motion to withdraw as counsel should be granted as it reflected that counsel has reviewed the entire record and proceedings before concluding that there were no meritorious grounds for an appeal. Moment's contention that his sentence is disproportionate to the sentence received by his codefendant (Lewis) is without merit. Moment argues that the district court unfairly sentenced him to 188 months of imprisonment while sentencing his codefendant to 15 months of imprisonment for virtually the same conduct. The sentencing court must consider, among other factors, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(6). However, departure in order to achieve conformity among codefendants is not appropriate where there is a basis for disparity. United States v. Nelson, 918 F.2d 1268, 1273 (6th Cir.1990). The record indicates that there is indeed some basis for disparity.
 
 
 6
 The sentencing disparity was created by a motion filed on behalf of Moment's codefendant following her substantial assistance to the government, whereas Moment did not provide assistance. Both Moment and his codefendant (Lewis) were each originally charged with two counts of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Lewis entered into a plea bargain in which she agreed to plead guilty to count 1 on the indictment in return for a promise of a motion to dismiss count 2 and a promise to consider a USSG § 5K1.1 motion for departure. Moment, on the other hand, maintained his innocence on both counts in the indictment and went to trial. The sentences also are different because Lewis was convicted of one count, and Moment was convicted of two, and Lewis received a downward departure for her substantial assistance to the government. Moment offered no assistance.
 
 
 7
 Moment's second claim is meritless. Moment claims that the district court erred in ordering an upward adjustment in his sentencing computation for obstruction of justice. The district court properly sentenced Moment. If a defendant objects to an enhancement for obstruction of justice, the district court must review the evidence and make independent findings necessary to establish perjury. United States v. Dunnigan, 507 U.S. 87, 95-96 (1993); United States v. Spears, 49 F.3d 1136, 1143 (6th Cir.1995). The sentencing judge must identify for the record at least some specific instances of conflicting testimony and specify which portions of the defendant's testimony he finds materially perjurious. Spears, 49 F.3d at 1143 (citing United States v. Ledezma, 26 F.3d 636, 644-45 (6th Cir.), cert. denied, 115 S.Ct. 349 (1994)). The record reveals that the district court adequately specified instances of conflicting testimony and specified which portions of Moment's testimony the court found materially perjurious.
 
 
 8
 Moment's third claim is meritless. Moment claims that the district court erred in denying him a downward adjustment for acceptance of responsibility. A district court's refusal to credit a defendant with acceptance of responsibility is subject to a clearly erroneous standard of review and is reversible only in extraordinary circumstances when the decision is without foundation. United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992). Section 3E1.1, comment. (n. 2), of the Guidelines indicates that a downward departure is not warranted when a defendant "puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Such is the case here.
 
 
 9
 We have further examined the record in this case, including the transcripts of Moment's trial and sentencing hearing, and conclude that no reversible error is apparent from the record.
 
 
 10
 Accordingly, we grant counsel's motion to withdraw, deny Moment's request to dismiss defense counsel's Anders brief, deny Moment's request for more time in which to file a brief, deny Moment's request for new counsel, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation